**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant REDX LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* SCOTT MALONEY, JUSTYNA MALONY, and PETER ANDREYEV,<br><br>*Plaintiffs,*<br><br>v.<br><br>REDX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>*Defendants.* | Case No.:<br><br>Civil Action<br><br>**NOTICE OF REMOVAL** |

**TO:**  The Clerk of the Court
U.S. District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**WITH NOTICE TO:**

Clerk of the Superior Court
Superior Court of New Jersey
Union County Civil Division
2 Broad Street #115
Elizabeth, New Jersey 07207

Hon. John M. Deitch
Superior Court of New Jersey
Union County Civil Division
Union County Courthouse
2 Broad Street, 12th Floor, Tower
Elizabeth, New Jersey 07207

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052

PORZIO, BROMBERG & NEWMAN, P.C.
Vito A. Gagliardi, Jr.
Alred R. Brunetti
Sarah A. Wisniewski
100 Southgate Parkway
Morristown, New Jersey 07962

## D.N.J. LOCAL RULE 10.1 STATEMENT

Plaintiffs in this action include Atlas Data Privacy Corporation ("Atlas"). Atlas' address is 201 Montgomery St., Suite 263, Jersey City, NJ 07302. Plaintiffs are represented by Rajiv D. Parikh, Esq., Kathleen Barnett Einhorn, Esq., and Jessica A. Merejo of PEM Law LLP, 1 Boland Drive, Suite 1010, West Orange, New Jersey 07052; and Vito A. Gagliardi, Jr., Alfred R. Brunetti, and Sarah A. Wisniewski of Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, Morristown, New Jersey 07962. The additional named Plaintiffs are Scott Maloney, Justyna Maloney, and Peter Andreyev, all of whom are alleged citizens of New Jersey.

Defendant is REDX LLC ("REDX") with its address at 1411 W 1250 S, Suite 300, Orem, Utah 84058.[1] REDX is represented by Kelly M. Purcaro, Esq. and Kory Ann Ferro, Esq. of Greenspoon Marder LLP, One Riverfront Plaza, 1037 Raymond Blvd., Suite 900, Newark, NJ 07102.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant REDX hereby removes the above-entitled action, styled Docket No. UNN-L-001745-25, *Atlas Data Privacy Corp, et al. v. REDX LLC, et al.*, and all claims and causes of action therein, from the Superior Court of New Jersey, Union County, to the United States District Court for the District of New Jersey.

REDX denies any liability in this case, denies the allegations of Plaintiffs' Complaint, and reserves all rights to contest, amongst other things, the sufficiency of service of process, the existence of personal jurisdiction, and the merits of all claims in Plaintiffs' Complaint or any subsequent pleading. For purposes of the jurisdictional requirements for this removal only, the allegations of Plaintiffs' Complaint meet the requirements for jurisdiction under 28 U.S.C. § 1332 (a) and demonstrate that removal to this Court is proper.

In support of removal, REDX respectfully submits the following:

---

[1] For complete listing of REDX's members, *see* the accompanying Disclosure Statement Pursuant to *Fed. R. Civ. P.* 7.1(a)(2). REDEX is a citizen of Utah.

## STATEMENT OF THE CASE

1. Plaintiffs are comprised of three individuals and Atlas, as purported assignee of 21,695 "covered persons," under Daniel's Law, *N.J.S.A.* 47:1A-1, *et seq.* and *N.J.S.A.* 56:8-166.1. Plaintiffs initiated this action through the filing of their Complaint on or about April 30, 2025 in the Superior Court of New Jersey, Union County, entitled *Atlas Data Privacy Corp, et al. v. REDX LLC, et al.*, Docket No. UNN-L-001745-25 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and L. Civ. R. 5.1(e), a copy of all process, pleadings, and orders filed to date in the State Court Action are attached hereto as **Exhibit A**.

2. This action is one of approximately 178 filed by Atlas asserting violations of Daniel's Law, a statute aimed at protecting the home addresses and unpublished home telephone numbers of judges, law enforcement officers, child protective investigators, prosecutors, and their immediate family members from being disclosed online. Plaintiffs allege that the statute enables such individuals ("covered persons") to request that a business or website remove their information and refrain from disclosure of same. It is further alleged that Daniel's Law provides a ten-business-day compliance timeline from receipt of valid notice and provides for actual damages of "not less than liquidated damages computed at the rate of $1,000 for each violation." *N.J.S.A.* 56:8-166.1.

3. Plaintiffs allege that REDX "offer[s] and engage[s] in the disclosure of

data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey" including through "redx.com." Compl. at ¶ 40.

4. Plaintiffs further allege that, "[s]tarting on or about January 7, 2024, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent [REDX] written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail." *Id.* at ¶ 52.

5. Plaintiffs claim that REDX "failed to cease the disclosure or re-disclosure on the Internet or otherwise making available of the protected information of the Individuals Plaintiffs [sic] and Covered Persons within the time period required by Daniel's Law." *Id.* at ¶ 54.

6. Plaintiffs assert a single cause of action against REDX for an alleged violation of Daniel's Law and seek: (1) immediate compliance with Daniel's Law; (2) actual damages "not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'"; (3) punitive damages; (4) attorneys' fees, interest, and litigation costs incurred; and (5) injunctive relief.

7. REDX was served the Complaint via process server on or about May 15, 2025. An Affidavit of Service has not yet been filed by Plaintiffs.

8. This Notice of Removal is based on the allegations of the Complaint and does not admit the truth or facts asserted in the Complaint, the validity of

Plaintiffs' claims, or the entitlement to any form of relief. REDX expressly denies that Plaintiffs are entitled to any relief and reserves all available defenses. Nothing contained herein shall be deemed a waiver of any kind.

## **LEGAL STANDARD**

9. "Under 28 U.S.C. § 1441, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court.'" *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 539–40 (D.N.J. 2020).

10. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a)). "By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates, Congress intended to clarify that courts should apply the same liberal rules [to removal allegations as] to other matters of pleading." *Id.* (citations omitted) (alteration in original).

11. "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell*, 478 F. Supp. 3d at 540. "When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must

submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Id.*

12.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted) (alteration in original). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446.  Where "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores*, LLC, 813 F. App'x 780, 783 (3d Cir. 2020) (citation omitted).  "Defendant's concession as to the amount in controversy pled in the Complaint [] does not translate into a concession as to the merits or adequacy of Plaintiff's pleading or an admission that it acted in bad faith." *Schor v. State Farm Fire & Cas. Ins. Co.*, No. CIV.A. 15-610, 2015 WL 1230200, at *4 (E.D. Pa. Mar. 18, 2015).

## BASIS FOR REMOVAL

13.  REDX may remove this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and, upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1441(b) and 1446(b).

14.  Venue is proper in this district because the District of New Jersey

embraces the county where the above action is pending.

A.   **There is Complete Diversity of Citizenship Among the Parties**

15.   This action satisfies the complete diversity requirement of 28 U.S.C § 1332(a)(1).

16.   Although the addresses of the individual Plaintiffs are not included in the Complaint, the allegations therein, and the applicability of Daniel's Law to "covered persons" in New Jersey, confirms that each individual Plaintiff is a current or former New Jersey law enforcement officer currently "liv[ing] or working in New Jersey" as follows:

> a.   Plaintiffs Scott Maloney and Justyna Maloney "are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department. They live together in New Jersey with their two young children." Compl. at ¶ 18.
>
> b.   Plaintiff Peter Andreyev "is a 33-year veteran of the Point Pleasant, New Jersey Police Department." *Id.* at ¶ 22.

17.   Notably, under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." *N.J.S.A.* 40A:14-122.8. As such, based upon the allegations of the Complaint, all individual Plaintiffs are New Jersey citizens.

18.   Plaintiff Atlas "is a Delaware corporation, with offices at 201

Montgomery Street, Suite 263, Jersey City, New Jersey 07302." *Id.* at ¶ 23. Atlas is thus a citizen of Delaware and New Jersey.[2]

19. At the commencement of the State Court Action, and at all relevant times herein, REDX was not and is not a citizen of the State of New Jersey or, to the extent applicable, the State of Delaware. REDX is, and at all times relevant to this Notice of Removal has been, organized under the laws of Utah with its principal place of business in Utah and is a citizen of Utah. None of REDX members are residents of the State of New Jersey or, to the extent applicable, the State of Delaware. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As set forth in the accompanying Disclosure Statement Pursuant to *Fed. R. Civ. P.* 7.1(a)(2), REDX's members are all residents of Utah.

20. The citizenship of fictitious Defendants RICHARD ROES 1-10 and ABC COMPANIES 1-10 is disregarded for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1).

21. As such, Plaintiffs and Defendant are not citizens nor residents of the same state and complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

---

[2] To the extent the citizenship of Atlas' purported 21,695 assignee's controls (*see A.K. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. CV2120717MASJBD, 2023 WL 6231147, at *3 (D.N.J. Aug. 14, 2023)), the citizenship would thereby be reduced to New Jersey as Atlas claims each assignee "resides, works, previously resided or worked in New Jersey[.]" Compl. at ¶ 26.

## B.     The Amount in Controversy, as Pled, Exceeds the $75,000 Threshold

22.    The amount in controversy, as pled by Plaintiffs in their Complaint, exceeds the $75,000 jurisdictional requirement of 28 U.S.C. 1332(a). As previously stated, REDX does not admit the truth or facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief. The amount in controversy is derived, as required, solely based upon Plaintiffs' Complaint.

23.    Plaintiffs allege that "[a]s a result of [REDX's] failures to comply with Daniel's Law," the three named Plaintiffs and the 21,695 individuals who purportedly assigned their claims to Atlas "have suffered damages[.]" Compl. at ¶ 65. Plaintiffs request, amongst other relief, "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *Id.* at Wherefore subsection (B). Thus, the alleged amount in controversy far exceeds the requisite $75,000 jurisdictional threshold based upon the liquidated damages claim alone at $1,000 for each of the apparent 21,695 Plaintiffs (potentially in more than $21 million). *See Nat'l Recovery Sys. v. Ornstein*, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment[.]"); 28 U.S.C. § 1332(d)(6) (noting mandatory aggregation of claims in class actions for purposes of determining the amount in controversy).

24.    While the claimed liquidated damages could alone satisfy the threshold,

Plaintiffs' claim for punitive damages increases the amount in controversy well beyond $75,000. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("In addition, [plaintiff] is seeking punitive damages, which we must consider when calculating the amount in controversy."). Under New Jersey law, punitive damages are calculated as the greater of five times compensatory damage or $350,000. N.J.S.A. 2A:15-5.14. Thus, Plaintiffs' demand for punitive damages in and of itself satisfies the jurisdictional threshold.

25. Daniel's Law provides for the permissive award of "reasonable attorneys' fees." N.J.S.A. 56:8-166.1(c)(3). Plaintiffs' demand for attorneys' fees and litigation costs incurred pursuant to the statute thereby also increases the amount in controversy for purposes of a removal analysis. *See Frederico*, 507 F.3d at 199 (In determining the amount in controversy, the Court "must also consider attorney's fees," which "could be as much as thirty percent of the judgment."); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), as amended (Feb. 18, 1997) ("[I]n calculating the amount in controversy, we must consider potential attorney's fees."); *Thompson v. Travelers Indem. Co.*, No. 23CV02630ZNQDEA, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024) ("With regard to the amount-in-controversy, an award

11

of attorneys' fees also must be included as part of that determination where such an award is provided for by statute.").

26. Accordingly, even omitting Plaintiffs' alleged potential actual damages (beyond the $1,000 liquidated damages amount) and cost of the injunctive relief demanded, Plaintiffs' Complaint undoubtedly asserts damages far in excess of the $75,000 jurisdictional threshold.

### C. All Procedural Prerequisites for Removal are Satisfied

27. Removal is made to the proper Court as required by 28 U.S.C. § 1441(a). This action, filed in the Superior Court of New Jersey, Union County, is being removed to the United States District Court for the District of New Jersey, which embraces the place where the action is pending.

28. Removal is timely under 28 U.S.C. § 1446(b) because, as REDX was served on or about May 15, 2025, this Notice is filed within 30 days of receipt of service "of the initial pleading setting forth the claim for relief upon which such action or proceeding."

29. REDX has complied and will comply with 28 U.S.C. §§ 1446(a) and (d) by: (1) attaching a true and correct copy of all process, pleadings, or orders on file in the State Court Action as Exhibit A; (2) promptly filing a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, with the clerk of the Superior Court, Union County, under Docket No. UNN-L-001745-25; and (3)

promptly serving a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, upon counsel for Plaintiffs.

30. No previous application has been made for the relief requested herein.

31. This notice has been signed pursuant to *Fed. R. Civ. P.* 11.

## CONCLUSION

By this Notice, Defendant REDX does not waive any objections or defenses, including, but not limited to, insufficiency of service of process, lack of jurisdiction, improper venue, *forum non conveniens*, or failure to state a claim. REDX does not admit any fact, law, or liability by this Notice, and instead makes an express reservation of all rights, defenses, claims, motions, and pleas.

**WHEREFORE**, Defendant REDX LLC respectfully requests this action be removed to this Court for determination, all further proceedings in the State Court Action be stayed, and for all other relief this Court deems just and proper.

DATED: June 3, 2025                    Respectfully submitted,

*/s/ Kelly M. Purcaro*
**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

## CERTIFICATION OF NON-ARBITRABILITY PURSUANT TO L. CIV. R. 201.1(d)(3)

I certify, pursuant to L. Civ. R. 201.1(d)(3), that the above-captioned matter is not arbitrable because the amount in controversy exceeds the sum of $150,000 exclusive of interest and any claim for punitive damages,

I certify under penalty of perjury that the foregoing is true and correct. Executed this 3rd day June, 2025

                                                 */s/ Kelly M. Purcaro*
                                                 Kelly M. Purcaro

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, other than the State Court Action from which removal is requested, or pending in any arbitration or administrative proceeding. Noting, while not the same defendants, numerous other companies/defendants sued by the same or similar plaintiffs have removed their state court actions to this Court. Those cases are as follows:

1. *Atlas Data Privacy Corporation, et al. v. WE Inform, LLC,* Docket No. MRS-L-000379-24;

2. *Atlas Data Privacy Corporation, et al. v. DM Group, Inc. et al.,* Docket No. MID-L-000990-24;

3. *Atlas Data Privacy Corporation, et al. v. Development, LLC, et al.,* Docket No. MRS-L-000244-24;

4.  *Atlas Data Privacy Corporation, et al. v. The People Searchers, LLC, et al.,* Docket No. MRS-L-000257-24;

5.  *Atlas Data Privacy Corporation, et al. v. Deluxe Corporation, et al.,* Docket No.: BER-L-000821-24;

6.  *Atlas Data Privacy Corporation, et al. v. Yardi Systems, Inc., et al.* Docket No.: BER-L-000856-24;

7.  *Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et al.,* Docket No.: BER-L-000872-24;

8.  *Atlas Data Privacy Corporation, et al. v. Quantarium Alliance, LLC, et al.,* Docket No.: BER-L-000878-24;

9.  *Atlas Data Privacy Corporation, et al. v. Oracle International Corporation, et al.,* Docket No.: BER-L-000917-24;

10. *Atlas Data Privacy Corporation, et al. v. Axiom LLC, et al.,* Docket No.: MER-L-000283-24;

11. *Atlas Data Privacy Corporation, et al. v. i360, LLC, et al.,* Docket No. MER-L-000297-24;

12. *Atlas Data Privacy Corporation, et al. v. Civil Data Research, LLC, et al.,* Docket No.: MER-L-292-24;

13. *Atlas Data Privacy Corporation, et al. v. Scalable Commerce, LLC, et al.,* Docket No.*:* BER-L-771-24;

14. *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.,* Docket No.: BER-L-000812-24;

15. *Atlas Data Privacy Corporation, et al. v. Innovis Data Solutions, Inc., et al.*, Docket No.: MRS-L-000285-24;

16. *Atlas Data Privacy Corporation, et al. v. Reminie Inc., et al.,* Docket No.: MRS-L-000258-24;

17. *Atlas Data Privacy Corporation, et al. v. Accurate Append, Inc., et al.,* Docket No.: MID-L-000848-24;

18. *Atlas Data Privacy Corporation, et al. v. Equimine, Inc. d/b/a Propstream, et al.,* Docket No.: MON-L-535-24;

19. *Atlas Data Privacy Corporation, et al. v. Melissa Data Corp, et al.,* Docket No.: MRS-L-224-24;

20. *Atlas Data Privacy Corporation, et al. v. Zillow, Inc., et al.,* Docket No.: BER-L-000874-24;

21. *Atlas Data Privacy Corporation, et al. v. Restoration of America, et al., Docket No.:* MON-L-000510-24.

22. *Atlas Data Privacy Corporation, et al. v. Belles Camp Communications, Inc., et al.*, Docket No. MON-L-000508-24;

23. *Atlas Data Privacy Corporation, et al. v. Rocketreach LLC, et al.*, Docket No. BER-L-000873-24;

24. *Atlas Data Privacy Corporation, et al. v. Nuwber, Inc., et al.*, Docket No. MRS-L-000225-24;

25. *Atlas Data Privacy Corporation, et al. v. E-Merges.com, Inc.*, Docket No. BER-L-000854-24;

26. *Atlas Data Privacy Corporation, et al. v. Joy Rockwell Enterprises, Inc., et al.*, Docket No. MON-L-000486-24;

27. *Atlas Data Privacy Corporation, et al. v. Gohunt, LLC, et al.*, Docket No. BER-L-000870-24;

28. *Atlas Data Privacy Corporation, et al. v. Synaptix Technology, LLC, et al.*, Docket No. MER-L-000288-24;

29. *Atlas Data Privacy Corporation, et al. v. Accuzip, Inc., et al.*, Docket No. MON-L-000554-24;

30. *Atlas Data Privacy Corporation, et al. v. Fortnoff Financial, LLC, et al.*, Docket No. MER-L-000284-24;

31. *Atlas Data Privacy Corporation, et al. v. Myheritage, LTD., et al.*, Docket No. MER-L-000282-24;

32. *Atlas Data Privacy Corporation, et al. v. Propertyradar, Inc., et al.*, Docket No. MER-L-000293-24;

33. *Atlas Data Privacy Corporation, et al. v. The Alesco Group, et al.*, Docket No. BER-L-000969-24;

34. *Atlas Data Privacy Corporation, et al. v. Searchbug, Inc., et al.*, Docket No. MID-L-000904-24;

35. *Atlas Data Privacy Corporation, et al. v. Amerilist, Inc., et al.*, Docket No. MID-L-001052-24;

36. *Atlas Data Privacy Corporation, et al. v. Digital Safety Products, LLC,* Docket No. MID-L-000814-24.

37. *Atlas Data Privacy Corporation, et al. v. US Data Corporation, et al.,* Docket No. MRS-L-000323-24.

38. *Atlas Data Privacy Corporation, et al. v. Smarty, LLC,* Docket No. MER-L-000310-24ID-L-000814-24.

39. *Atlas Data Privacy Corporation, et al. v. Compact Information Systems, LLC,* Docket No. MON-L-000534-24.

40. *Atlas Data Privacy Corporation, et al. v. Darkowl, LLC,* Docket No. ESX-L-007210-24.

41. *Atlas Data Privacy Corporation, et al. v. Spy Dialer, Inc.,* Docket No. MRS-L-000259-24.

17

42. *Atlas Data Privacy Corporation, et al. v. Lighthouse List Company, LLC, et al.,* Docket No. MID-L-001221-24.

43. *Atlas Data Privacy Corporation, et al. v. Peoplewhiz, Inc. et al.,* Docket No. MID-L-001063-24.

44. *Atlas Data Privacy Corporation, et al. v. First Direct, Inc. et al.,* Docket No. MER-L-000328-24.

45. *Atlas Data Privacy Corporation, et al. v. Greenflight Venture Corp.,* Docket No. BER-L-000811-24.

46. *Atlas Data Privacy Corporation, et al. v. Innovative Web Solutions, LLC, et al.,* Docket No. BERL001038-24.

47. *Atlas Data Privacy Corporation, et al. v. Publicnsa, LLC, et al.,* Docket No. ESX-L-003317-25.

48. *Atlas Data Privacy Corporation, et al. v. Constella Intelligence, Inc., et al.,* Docket No. ESX-L-007212-24.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of June, 2025.

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, I filed a true and correct copy of the foregoing with the court. The Parties may access this filing through the Court's system. In addition, a copy was served, by agreement of the Parties, via email upon:

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

PORZIO, BROMBERG & NEWMAN, P.C.
Vito A. Gagliardi, Jr.
Alred R. Brunetti
Sarah A. Wisniewski
100 Southgate Parkway
Morristown, New Jersey 07962
vagagliardi@pbnlaw.com
arbrunetti@pbnlaw.com
sawisniewski@pbnlaw.com

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

61320215v1